IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01377-WYD-BNB

MICHAEL W. FOULARD,

Plaintiff,

v.

MCFARLAND HOLDINGS, LLC, a Colorado limited liability company,
JONATHAN M. THOMAS,
MEYER FAMILY LIMITED PARTNERSHIP, a Delaware limited partnership, and
MFLP GP, LLC, a Colorado limited liability company, as General Partner of Meyer Family
Limited Partnership,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiff's **Motion for Entry of Judgment By Default** [Doc. #

21, filed 7/24/2013] (the "Motion for Default Judgement"), which seeks the entry of judgment by

default on a promissory note and related guarantees against all defendants, jointly and severally,

plus attorneys fees and costs.  I respectfully RECOMMEND that the Motion for Default

Judgment be GRANTED IN PART and DENIED IN PART as specified, and that default

judgment pursuant to Fed. R. Civ. P. 55(b) be entered in favor of the plaintiff and against the

defendants, jointly and severally, in the amount of $2,185,551.50.

In order to obtain a judgment by default, a party must follow the two-step process

described in Fed. R. Civ. P. 55.  First, he must obtain an entry of default from the Clerk of the

Court under Rule 55(a); then, after default has been entered, he must seek default judgment

pursuant to Rule 55(b).

Rule 55(a), Fed. R. Civ. P., allows a default to enter against a party when it "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  Here, the action was commenced by the filing of a Complaint [Doc. # 1] on May 28, 2013.  Returns of service are on file establishing service as follows:

(1)     Defendant Jonathan M. Thomas ("Thomas") was personally served with a summons and a copy of the Complaint on June 3, 2013, Proof of Service [Doc. # 11];

(2)     Defendant MFLP, LLC ("MFLP"), was served  with a summons and a copy of the Complaint through its managing agent, Jonathan M. Thomas, on June 3, 2013, Proof of Service [Doc. # 12];

(3)     Defendant Meyer Family Limited Partnership (the "Partnership") was served with a summons and a copy of the Complaint through the managing agent of its general partner, Jonathan M. Thomas, on June 3, 2013, Proof of Service [Doc. # 13]; and

(4)     Defendant McFarland Holdings, LLC ("McFarland Holdings"), was served with a summons and a copy of the Complaint through its registered agent, Cheryl Velasquez, on June 11, 2013, Affidavit of Service [Doc. # 14].

Each defendant failed to answer or otherwise respond to the Complaint within the time allowed, and no defendant has ever filed a response of any kind.  Consequently, on July 19, 2013, the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) against MFLP, the Partnership, and McFarland Holdings.  Clerk's Entry of Default [Doc. # 16].  On July 22, 2013, the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) against Thomas.  Clerk's Entry of Default [Doc. # 19].

"Once the default has been established, defendant has no further standing to contest the

2

factual allegations of plaintiff's claim for relief."  10A Wright, Miller & Kane, Federal Practice

and Procedure: Civil 3d § 2688 at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115,

1125 n. 11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a

claim on the merits").  However:

> Even after default, . . . it remains for the court to consider whether
> the unchallenged facts constitute a legitimate cause of action, since
> a party in default does not admit mere conclusions of law. . . .
> Once the court determines that a judgment by default should be
> entered, it will determine the amount and character of the recovery
> that should be awarded.

10A Wright, Miller & Kane, supra.

Jurisdiction exists under 28 U.S.C. § 1332(a)(1) (diversity of citizenship) because the

plaintiff is a citizen of the State of Texas, no defendant is a citizen of that state, and the amount

in controversy exceeds $75,000, exclusive of interest and costs.  Complaint [Doc. # 1] at ¶¶1-10.

Service was perfected against the defendants on or before June 11, 2013.  The defendants have

failed to answer or otherwise defend within the time allowed.  The Clerk properly entered default

against the defendants.

No defendant is an infant, incompetent person, officer or agency of the United States or

the State of Colorado, or in the military service.

The unrebutted allegations of the Complaint establish the following:

(1)     On or about November 6, 2008, McFarland Holdings executed and delivered to

the plaintiff a promissory note in the amount of $1,500,000.  Complaint [Doc. # 1] at ¶13;

Promissory Note [Doc. # 1-1].  The Promissory Note calls for the payment of interest on the

unpaid principal from November 5, 2008, until paid at the rate of 6.95 % per annum.  Promissory

Note [Doc. 1-1] at ¶1.  The Promissory Note calls for default interest at the rate of 10% per

annum commencing from the date of default.  Affidavit of Herbert A. Delap (the "Delap Aff.")

[Doc. # 21-1] at ¶11(c); Promissory Note [Doc. # 1-1] at ¶6.

(2)     McFarland made no principal or interest payments on the Promissory Note, and it

is in default.  Complaint [Doc. # 1] at ¶¶17-18.  The date of default is February 11, 2009.  Delap

Aff. [Doc. # 21-1] at ¶11.

(3)     On or about November 5, 2008, Thomas executed and delivered to the plaintiff a

Guaranty Agreement (the "Thomas Guaranty") by which Thomas unconditionally and absolutely

guaranteed payment to the plaintiff of all sums due under the Promissory Note.  Id. at ¶20;

Guaranty Agreement [Doc. # 1-4].

(4)     On or about November 5, 2008, the Partnership executed and delivered to the

plaintiff a Guaranty Agreement (the "Partnership Guaranty") by which the Partnership

unconditionally and absolutely guaranteed payment to the plaintiff of all sums due under the

Promissory Note.  Id. at ¶22; Guaranty Agreement [Doc. # 1-5].

(5)     MFLP is the general partner of the Partnership and is liable under the Partnership

Guaranty to the same extent as is the Partnership.  Complaint [Doc. # 25] at ¶25.

(6)     No payments have ever been made on the Promissory Note by any defendant.

Delap Aff. [Doc. # 21-1] at ¶12.

(7)     The following amounts of principal and interest are due to the plaintiff:

•Principal:                          $1,500,000.00

•Interest (simple and default)          685,551.58

•Total principal and interest       $2,185,551.50

Id. at ¶13.

The plaintiff also seeks the award of attorneys fees.  The Promissory Note provides for the payment of attorneys fees in the event collection efforts are necessary.  Promissory Note [Doc. # 1-1] at ¶6.  The plaintiff has failed to comply with the requirements of D.C.COLO.LCivR 54.3 in connection with his request for attorneys fees and, in particular, has failed to submit "a detailed description of the services rendered, the amount of time spent, the hourly rate," as well as "a summary of the relevant qualifications and experience" of counsel.  In view of the plaintiff's failure to provide the information required to assess a reasonable award of attorneys fees, I decline to recommend any such award.

The plaintiff also seeks an award of his costs.  Rule 54(d), Fed. R. Civ. P., provides that costs, other than attorneys fees, should be awarded to the prevailing party, and 28 U.S.C. §1920 provides that such an award is to be made upon the filing of a bill of costs.  Accord D.C.COLO.LCivR 54.1.  The plaintiff may be awarded his costs pursuant to 28 U.S.C. § 1920 upon the filing of a proper bill of costs.

I respectfully RECOMMEND[1] that the Motion for Default Judgment [Doc. # 13] be GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to award default judgment in favor of the plaintiff and against the defendants, jointly and severally, in the amount of $2,185,551.50;

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

• GRANTED to allow the plaintiff his costs upon the filing of a bill of costs; and

• DENIED insofar as the plaintiff seeks an award of attorneys fees.

Dated September 19, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

6